UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIVINE V. SINGLETON,

                              Plaintiff,

        -against-

DEPARTMENT OF CORRECTION; BOB
BARKER CO., INC.; LOURDES CANTOR, PA
CORRECTIONAL HEALTH SERVICES;
JOHN WINTERS; CORCRAFT; NORTHWEST
WOLLEN MILLS,

                              Defendants.

21-CV-2919 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Vernon C. Bain Center (VCBC), brings this

*pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.

By order dated June 2, 2021, the Court granted Plaintiff's request to proceed without prepayment

of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a pretrial detainee, brings this action alleging that while he was in the custody of the New York City Department of Correction (DOC), he contracted the COVID-19 virus and received no medical treatment. He sues the DOC; Bob Barker Co., Inc., a manufacturer; Lourdes

Cantor, a physician assistant with Correctional Health Services; John Winters, a physician; Corcraft, a manufacturer; and Northwest Woolen Mills, a manufacturer. Plaintiff seeks monetary damages "and to be relieved of exaggerated charges against [him]." (*Id.* )

Plaintiff alleges that, in February 2021, he tested positive for the COVID-19 virus, and that from February 19 to March 3, 2021, he was held in quarantine in the Eric M. Taylor Center (EMTC) on Rikers Island with other detainees who had contracted the virus. During the two-week quarantine, Plaintiff was continuously in contact with newly admitted inmates who had also contracted the virus. Plaintiff questions how DOC could fight the COVID-19 virus "when the clothing (Bob Barker Co. Inc.) doled out (not excluding the linen) act as a host for the Prl Sars-Cov-2 (Covid-19) virus," and the "virus is said to subsist on polyester up to seventy-two hours and on cotton up to one day." (ECF 2, at 7.) Plaintiff also asserts that he was denied a second test by Dr. John Winters and Lourdes Cantor before he was transferred to VCBC.

Plaintiff believes that he was still positive for the COVID-19 virus when he arrived at VCBC, as he did not undergo testing prior to his transfer. He therefore urged all detainees he initially came into contact with at VCBC to get tested for the virus. Two days after he arrived, he underwent testing, which came back negative.

## DISCUSSION

### A.    Claims against Bob Barker, Inc., Corcraft, and Northwest Woolen Mills

Plaintiff brings this action under 42 U.S.C. § 1983, asserting his belief that DOC did not take sufficient safety measures to prevent him and other detainees from contracting the COVID-19 virus, and that DOC failed to provide adequate medical care for those who tested positive for the virus. He names as defendants a trio of manufacturers – Bob Barker, Inc., Corcraft, and Northwest Woolen Mills – that supply clothing and linens to DOC for use in its facilities. Plaintiff believes that, because the virus "subsist[s] on polyester up to seventy-two hours and on

cotton up to one day," the clothing and linens provided by the manufacturers act as a "host" for spreading the virus among the detainees in DOC's custody. (ECF 2, at 7.) He therefore seeks to hold these manufacturers liable for his contracting the virus under section 1983.

Plaintiff's claims against the manufacturer defendants must be dismissed. A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Because the manufacturer defendants are private entities and not state actors, they cannot be sued under section 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The Court therefore dismisses Plaintiff's claims against Defendants Bob Barker, Inc., Corcraft, and Northwest Woolen Mills for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims against the Department of Correction**

The Court must also dismiss Plaintiff's section 1983 claims against DOC because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the "Department of Correction" with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

## C.     Claims of unlawful conditions of confinement

Plaintiff is essentially asserting claims that correction officials and medical staff members were deliberately indifferent to conditions during his confinement that posed a serious threat to his health or safety and failed to provide him adequate medical care. As Plaintiff was a pretrial detainee during the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state a conditions-of-confinement claim, Plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Id.*

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable

care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff alleges the following: DOC provided clothing and linens that spread the COVID-19 virus; he was not provided adequate medical care after he contracted the virus, including a requested second test to make sure he was virus-free; and he was transferred to VCBC and came into contact with other detainees before it was determined that he was virus-free. But Plaintiff fails to allege any facts suggesting that any individuals – including Dr. Winters and Physician Assistant Cantor whom he sues for denying him a second test – were deliberately indifferent to conditions that posed a serious threat to his health or safety. He speculates that the clothing and linens in DOC's facilities are responsible for the spread of COVID-19, but he fails to allege any facts suggesting that either the clothing or linens resulted in a substantial risk of serious harm to him and that prison officials knew or should have known of that risk. He also fails to allege any facts suggesting that he did not get adequate medical care. Plaintiff thus fails to state plausibly any conditions-of-confinement claims.

The Court grants Plaintiff leave to file an amended complaint. Plaintiff's amended pleading should identify the specific conditions that he contends violate his constitutional rights. For example, if Plaintiff asserts that a defendant failed to comply with precautionary measures intended to prevent the spread of COVID-19, he should allege any facts suggesting that such failures resulted in a substantial risk of serious harm to him, and that the named defendant was deliberately indifferent to the risk of serious harm to his safety or health. If Plaintiff names

individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights. Further, to the extent Plaintiff is seeking release as a remedy, he must include individualized allegations regarding the basis for such relief.

**D.    Municipal liability**

As stated above, the Court construes the complaint as asserting claims against the City of New York. When a plaintiff sues a municipality such as the City of New York under section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff fails to plead any facts suggesting a plausible municipal liability claim against the City of New York. His allegation that the standard-issue clothing and linens harbor the virus fails to state a constitutional violation, and he does not plead any facts tying the alleged violation to a policy, custom, or practice of the City of New York. Plaintiff therefore fails to state a claim against the City of New York on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also grants Plaintiff leave to plead in the amended complaint a municipal liability claim against the City of New York. He must allege facts suggesting a constitutional violation, and that a City policy, custom, or practice caused the alleged deprivation.

## LEAVE TO AMEND

The Court grants Plaintiff leave to file an amended complaint alleging more facts about his claims. Plaintiff must name as the defendants in the caption[2] those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant persons;

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption section of the form. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" in the caption section on the first page of the amended complaint. Any defendants named in the caption must also be discussed in the "Statement of Claim."

[3] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Department of Correction, Bob Barker, Inc., Corcraft, Northwest Woolen Mills, Dr. John Winters, and Lourdes Cantor. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-2919 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the

complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   June 28, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name               Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                     State                   Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

Defendant 2:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

Defendant 3:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

Defendant 4:

First Name                Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____

Dated                                                          Plaintiff's Signature

_____

First Name                          Middle Initial          Last Name

_____

Prison Address

_____

County, City                                        State                          Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____