UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIVINE V. SINGLETON,

                              Plaintiff,

                 -against-

CITY OF NEW YORK,

                              Defendant.

21-CV-2919 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Vernon C. Bain Center (VCBC), filed this *pro se* action under 42 U.S.C. § 1983, alleging that, while he was in the custody of the New York City Department of Correction (DOC), he contracted the COVID-19 virus. On June 28, 2021, the Court directed Plaintiff to amend his complaint within 60 days, to address deficiencies in his pleadings. Plaintiff filed an amended complaint on August 17, 2021. For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within 30 days of the date of this order.

## BACKGROUND

In the original complaint, Plaintiff sued DOC; Bob Barker Co., Inc., a manufacturer; Lourdes Cantor, a physician assistant with Correctional Health Services; John Winters, a physician; Corcraft, a manufacturer; and Northwest Woolen Mills, a manufacturer. He alleged that, in February 2021, he tested positive for the COVID-19 virus, and that from February 19 to March 3, 2021, he was held in quarantine in the Eric M. Taylor Center (EMTC) on Rikers Island with other detainees who had contracted the virus. During the two-week quarantine, Plaintiff was continuously in contact with newly admitted inmates, and questioned how DOC could fight the COVID-19 virus "when the clothing (Bob Barker Co. Inc.) doled out (not excluding the linen)

act as a host for the Prl Sars-Cov-2 (Covid-19) virus," and the "virus is said to subsist on polyester up to seventy-two hours and on cotton up to one day." (ECF 2, at 7.) Plaintiff also asserted that he was denied a second test by Dr. John Winters and Lourdes Cantor before he was transferred to VCBC, although he believed that he was still positive for the virus. When he arrived at VCBC, Plaintiff urged all detainees he initially came into contact to get tested for the virus. Two days after he arrived, he underwent testing, which came back negative.

In the June 28, 2021 order, the Court dismissed Plaintiff's claims against the trio of manufacturers – Bob Barker, Inc., Corcraft, and Northwest Woolen Mills – for failure to state a claim because they were not state actors who could be sued under section 1983. The Court also dismissed Plaintiff's claims against DOC because, as an agency of the City of New York, it was not an entity that could not be sued. The Court further held that although Plaintiff speculated that DOC's standard-issued clothing and linens harbored the virus, he failed to allege any facts suggesting that either the clothing or linens resulted in a substantial risk of serious harm to him and that prison officials knew or should have known of that risk. Finally, the Court dismissed Plaintiff's claims against Dr. Winters and Physician Assistant Cantor, holding that Plaintiff failed to allege facts suggesting that they were deliberately indifferent by denying him a second test before he was transferred to VCBC. The Court, however, granted Plaintiff leave to file an amended complaint to identify the specific conditions that led to him contracting COVID-19, and to allege facts suggesting a plausible municipal liability claim against the City of New York.

In the amended complaint, Plaintiff names the City of New York as the sole defendant, but he fails to sufficiently address the deficiencies the Court noted in the June 28, 2021 order. Rather, Plaintiff's amended complaint focuses on other issues arising from his confinement in VCBC and his state-court criminal proceedings. In particular, Plaintiff alleges that on August 6,

2021, an Emergency Services Unit (ESU) and a Special Team's Unit forcibly removed 100 detainees, including Plaintiff, from a VCBC housing unit for unknown reasons. The detainees were strip searched and directed to take their property through flooded areas and were placed in an intake cell, where they endured "bull pen therapy" for about 20 hours. (ECF 6, at 8.) Plaintiff asserts that "[t]o spend twenty hours in an intake pen with fifty other detainees awaiting to be re-housed is inhumane." (*Id.*) He further asserts that he is "raising concerns in where [A]mendments 4, 5, 6, 8, 13, 14 and 15 are in such violation." (*Id.*)

Plaintiff also alleges multiple issues stemming from his state-court criminal proceedings, including his concerns that his right to speedy trial under N.Y.C.P.L. § 30.30 was being violated, and ineffective assistance from his defense counsel. Plaintiff asserts that he filed a state-court *habeas* action raising these issue, and that it is still pending. He alleges that as of August 17, 2021, he has been detained for 180 days, and along with the ineffective assistance of counsel, he has also been subjected to "unfair practices and malicious prosecution on behalf of the district attorney as well as racial profiling, false arrest, false imprisonment and jury perjury by officers." (*Id*. at 9.)

Finally, Plaintiff references his original claim concerning the COVID-19 virus. He asserts that he grieved his concerns about COVID-19 to the Governor's Office to no avail, only receiving a letter from the New York State Commission of Correction stating that the matter must be handled through the facility's grievance program. Plaintiff contends that had DOC taken preventative measures such as social distancing, that would likely have "lessen the already deplorable conditions." (*Id.*) Plaintiff further asserts the following:

> Prison is suppose to be punishment not trauma. Contingencies such as air intake vents black with soot, no window access, unsanitary acclimates like spider infestation, floodings and rust all pose a hazard to detainees. For people like myself with preexisting medical conditions (asthma a chronic lung disorder) these

squalid excoriations known cause a significant threat to anyone's health due to the
breadth and depth of this medical crisis.

(*Id*.) Plaintiff also contends that he never asked to be relieved of his criminal charges without due

process, and that being released from custody "is only a temporary remedy with the delta variant

cases increasing and constitutional rights not being upheld." (*Id*. at 10.)

## DISCUSSION

The Court dismisses without prejudice to assertion in a separate action Plaintiff's new

claims arising from the August 6, 2021 alleged forcible removal of Plaintiff and the other

detainees from the VCBC housing area to the intake cell where they remained for 20 hours; and

his claim of violations in his state-court criminal proceedings. These new claims must be

dismissed because they are beyond the scope of the original lawsuit and the permitted

amendment. *See, e.g.*, *Palm Beach Strategic Income, LP v. Salzman,* 457 F. App'x 40, 43 (2d Cir.

2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints

where the court granted leave to amend for a limited purpose and the plaintiff filed an amended

complaint exceeding the scope of the permission granted."); *Grimes v. Fremont General Corp.*,

933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (citing cases).

Further, Plaintiff fails to provide sufficient facts to state a claim with respect to the

COVID-19 virus. The Court's June 28, 2021 order directed Plaintiff to identify the specific

conditions that led to him contracting the virus. For example, if he asserts that a defendant failed

to comply with precautionary measures intended to prevent the spread of COVID-19, he should

allege any facts suggesting that such failures resulted in a substantial risk of serious harm to him,

and that the named defendant was deliberately indifferent to the risk of serious harm to his safety

or health. Plaintiff fails to make any individualized allegations in the amended complaint

concerning his contracting of the COVID-19 virus. Rather, he makes generalized assertions

concerning conditions in DOC's facilities and alleges that they pose a hazard to someone like him with a preexisting medical conditions. Plaintiff fails to provide specific facts concerning how his rights were violated. In an abundance of caution, however, the Court grants Plaintiff another opportunity to amend his pleading to detail his claims regarding the COVID-19 virus.

Plaintiff is granted leave to submit a second amended complaint to provide more facts about his contracting of COVID-19. He is only granted leave to amend his original COVID-19 claims. Plaintiff's new claims concerning the forcible removal from the VCBC housing area, his confinement in the intake area for 20 hours, and the constitutional violations in his criminal proceedings are dismissed without prejudice.

In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting his COVID-19 claims. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wants to include from the amended complaint must be repeated in the second amended complaint.

## CONCLUSION

Plaintiff is granted leave to file a second  amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 21-CV-2919 (LTS). A Second Amended Civil Rights Complaint form is attached to this order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, his claims concerning the COVID-19 virus and other original claims will be dismissed for failure to state a claim upon which relief may be granted and this action will be closed. Plaintiff's new claims, as explained above, are dismissed without prejudice to assertion in a separate action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

SO ORDERED.

Dated:    November 5, 2021
          New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

**COMPLAINT**

(Prisoner)

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                  Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                  Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                      Zip Code

Defendant 2:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                      Zip Code

Defendant 3:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                      Zip Code

Defendant 4:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                      Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6