UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIVINE V. SINGLETON, <br><br> Plaintiff, <br><br> -against- <br><br> CITY OF NEW YORK, <br><br> Defendant. | 21-CV-2919 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Vernon C. Bain Center (VCBC), filed this *pro se* action under 42 U.S.C. § 1983, alleging that, while he was in the custody of the New York City Department of Correction (DOC) on Rikers Island, he contracted the COVID-19 virus. On November 5, 2021, the Court directed Plaintiff to amend his complaint for the second time to address deficiencies in his pleadings. Plaintiff filed a second amended complaint on December 3, 2021. (ECF 9.) After reviewing the submission, the Court dismisses this action for the reasons set forth below.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case as summarized in the Court's June 28, 2021, and November 5, 2021 orders. (ECF 5, 7.) Plaintiff initially sued DOC; Bob Barker Co., Inc., a manufacturer; Lourdes Cantor, a physician assistant with Correctional Health Services; John Winters, a physician; Corcraft, a manufacturer; and Northwest Woolen Mills, a manufacturer. He alleged that, in February 2021, he tested positive for the COVID-19 virus, and suggested that the clothing and linens provided by the manufacturers to DOC acted as a "host" for spreading the virus among the detainees in DOC's custody. (ECF 2, at 7.) Plaintiff also asserted that he was denied a second COVID test by Dr. John Winters and Lourdes Cantor

before he was transferred from Rikers Island to VCBC, although he believed that he was still positive for the virus. On June 28, 2021, the Court dismissed Plaintiff's claims against all of the named defendants, but granted him leave to file an amended complaint to identify the specific conditions that led to him contracting COVID-19, and to allege facts suggesting a plausible municipal liability claim against the City of New York.

Plaintiff filed an amended complaint against the City of New York that failed to address the deficiencies the Court noted in the June 28, 2021 order. Rather, the amended complaint focused on other issues arising from Plaintiff's confinement in VCBC and his state-court criminal proceedings. On November 5, 2021, The Court dismissed without prejudice to assertion in a separate action Plaintiff's new claims concerning the forcible removal of over 100 detainees, including Plaintiff, from a VCBC housing area, his confinement in the intake area for 20 hours, and constitutional violations in his criminal proceedings. The Court also granted Plaintiff leave to submit a second amended complaint to provide more facts about his contracting of COVID-19, including sufficient facts showing that his rights were violated.

Plaintiff submitted a second amended complaint form that is largely blank. He fills out the caption − again naming the City of New York as the sole defendant – but he only provides a response in the section concerning the relief he seeks, stating "what the court deem's just and suitable." (ECF 9, at 5.) However, on the same date he filed the second amended complaint, Plaintiff also submitted a letter to the Court dated November 30, 2021, in which he references the COVID-19 virus. (ECF 8.) Plaintiff begins the letter with the following assertions:

> Covid 19 is nothing more than a metaphor with several meaning's but the agenda being promoted are some of the same with very little disparities during an epidemic. Some of the agendas being pushed are population control, economic inflation, mass incarceration, genocide (which violate's the genocide law), the banishment of immigrant's who are not registered U.S. citizens etc. are just some of the many propaganda's being propelled during a pandemic. Though i have

> sustained loss of sense's such as the sense of taste, smell, and hearing due to the amplification of radio active waves (5G Network) my immune body proved not only to be immune to the elements (such as uranium) or isotopes (such as carbon 14), but, it also displayed resemblance to one another by producing an immune response. I say pardon my ignorance for i forgot to acknowledge the fact that this government (who its said i owe allegiance to in return for protection) subjected me to scientific studie's of past and present human life activities of a culture of people for carbon dating purposes. Understand my initial claim's of Covid proves I understand it's scientific method.

(*Id*. at 1.) Plaintiff's letter continues in the same vein, concluding with the statement "[s]o again i say pardon my ignorance for not taking this time to elaborate on my claims's of Covid or showing cause for relief," and the assertion that the testing done by DOC "has not been cleared or approved by the U.S. Food and Drug Administration." (*Id*. at 2.)

## DISCUSSION

The Court will treat the second amended complaint and Plaintiff's letter (ECF 8-9) together as the operative second amended complaint for this action. The filings, however, fail to remedy the deficiencies that the Court found in the amended complaint. Plaintiff again names the City of New York as the sole defendant, but he does not allege any facts indicating that a municipal policy, custom, or practice led to him contracting COVID-19 on Rikers Island. Plaintiff's assertions do not suggest that the City failed to protect him from a substantial risk of serious harm or that any individual was deliberately indifferent to a risk of serious harm to his safety or health. Plaintiff fails to state a claim against the City of New York or any other person. The Court therefore dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the

3

defects in Plaintiff's second amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's action, filed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 7, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge